Pioneer Stock Powder Company, Appellant, v. Charles Washburn, Appellee.

(Not to be reported in full.)

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 21, 1916. Rehearing denied June 30, 1916.

## Statement of the Case.

Action by the Pioneer Stock Powder Company, plaintiff, against Charles Washburn, defendant, on a promissory note alleged to have been executed by the defendant. From a judgment for defendant, plaintiff appeals.

STERLING & WHITMORE and MURRAY & MORRISSEY, for appellant.

HERRICK & HERRICK and DE MANGE, GILLESPIE & DE MANGE, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. TRIAL, § 74*—when evidence properly admitted out of order. In an action on a promissory note, admission of evidence of a conversation between the defendant and one claimed by him to have been the agent of the plaintiff at the time of the execution of the note, on the promise of the defendant to show that an agency existed, held not error where, though the defendant introduced no such evidence, the evidence introduced by the plaintiff tended to show the existence of the agency so as to make the question one of fact for the jury.

2. BILLS AND NOTES, § 421*—when evidence as to other signatures

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*inadmissible.* In an action on a promissory note, an objection to a question asked a witness, who had testified as to the dissimilarity of the signature on the note to that of admitted genuine signatures of the maker in his possession, as to whether he had any signatures anything like the signature to the plea, *held* properly sustained as calling for matters immaterial to the issue.

3. BILLS AND NOTES, § 421*—*when evidence as to other signatures inadmissible.* Where the genuineness of a signature to a promissory note sued upon was in issue, *held* that an objection to proof that conceded genuine signatures of the maker were different from the signature to the oath attached to the defendant's plea was properly sustained as immaterial and incompetent.

4. BILLS AND NOTES, § 408*—*when burden of proof on plaintiff.* In an action on a promissory note, the burden of proof of the genuineness of the maker's signatures *held* to be on the plaintiff.

5. BILLS AND NOTES, § 460*—*when genuineness of signature question for jury.* In an action on a promissory note, the question of the genuineness of the signatures of the maker *held* for the jury.

6. APPEAL AND ERROR, § 1514*—*when remark of counsel harmless error.* A remark by counsel to the jury that when a client goes to his lawyer he tells him the truth, *held* not reversible error.

7. APPEAL AND ERROR, § 523*—*what objections to instructions insufficient to preserve question for review.* General objections to the giving and refusal of instructions are not sufficient to preserve the question of the correctness of such rulings thereon for review.